IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RASHAD WASHINGTON,

                    Petitioner,                                    **8:25CV411**

        vs.

ROB JEFFREYS,                                          **MEMORANDUM AND ORDER**

                    Respondent.

This matter is before the Court on Petitioner Rashad Washington's ("Washington" or "Petitioner") Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254.  Also before the Court is Washington's Motion for Status, Filing No. 6. With this Memorandum and Order, the Motion for Status is granted.  The Court now conducts a preliminary review of Washington's Amended Petition pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*.  This case also presents a close question as to whether the Petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d).  Accordingly, the Court first addresses whether the Petition is timely.

## I.  BACKGROUND

After a jury trial in 2011 in two separate cases, Washington was convicted of several crimes including first degree assault, use of a weapon; second degree assault, use of a weapon; possession of a deadly weapon by a prohibited person; discharging a firearm; and possession of a stolen firearm.  Filing No. 1 at 1; *see also State v. Washington*, No. A-24-233, 2025 WL 1091646, at *1 (Neb. Ct. App. Apr. 8, 2025), *review denied* (June 2, 2025).  Washington was sentenced to 70-110 years' imprisonment.  Filing

No. 1 at 1. Washington filed a direct appeal, and his convictions and sentences were ultimately affirmed by the Nebraska Supreme Court on October 26, 2018.[1] Filing No. 1 at 2; *see also State v. Washington*, 918 N.W.2d 597, 600 (Neb. 2018). The Nebraska Supreme Court issued its mandate on December 21, 2018. Filing No. 1 at 3. Washington filed a petition for certiorari in the United States Supreme Court on March 7, 2019, which was denied on October 7, 2019. Filing No. 1 at 26; *see also Washington*, 2025 WL 1091646, at *1; *Washington v. Nebraska*, 589 U.S. 995 (2019).

On October 6, 2020, Washington moved for postconviction relief in the District Court of Douglas County, Nebraska. Filing No. 1 at 3. The State moved to dismiss Washington's postconviction motion as untimely under Neb. Rev. Stat. § 29-3001(4)(a). Section 29-3001(4)(a), as it existed at the time of Washington's postconviction motion, stated that the one-year state limitation period began to run on "[t]he date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal." *Washington*, 2025 WL 1091646, at *1 (quoting Neb. Rev. Stat. § 29-3001(4)(a) (Reissue 2016)).

The state district court denied the motion to dismiss, concluding that Washington's direct appeal had not concluded until the United States Supreme Court denied Washington's petition for certiorari. *Id*. at *2. Nevertheless, the state district court dismissed the postconviction motion because it alleged only conclusory facts. *Id*. On April 8, 2025, the Nebraska Court of Appeals affirmed the district court's decision, but on

---

[1] Washington lists December 29, 2016, as the date the Nebraska Court of Appeals affirmed his convictions and sentences. *See* Filing No. 1 at 2. The date correctly reflects the date the Nebraska Court of Appeals affirmed his sentence, but the citation he provides is to the Nebraska Supreme Court's decision affirming both his convictions and sentence. *See Washington*, 918 N.W.2d at 600. On December 29, 2016, the Nebraska Court of Appeals affirmed Washington's convictions, but reversed and vacated the sentences imposed by the district court and ordered that the district court reinstate the sentences imposed on April 18, 2011. *Id*. at 599.

different reasoning. *Id.*, at *4. The Court of Appeals concluded that, for purposes of the one-year statute of limitations in § 29-3001(4)(a), Washington's direct appeal concluded on December 21, 2018, the date the Nebraska Supreme Court issued its mandate, and not on October 7, 2019, the date the United States Supreme Court denied certiorari. *See Washington*, 2025 WL 1091646, at *1. Because Washington filed his postconviction motion on October 6, 2020, the motion was time-barred. *Id*.

Washington filed his habeas Petition on June 20, 2025, and this Court's records reflect that this is Washington's first attempt at federal habeas corpus relief with respect to his conviction.

## II. DISCUSSION

### A. Timeliness of the Petition

A district court may consider, sua sponte, the timeliness of a state prisoner's habeas corpus petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), PL 104–132, April 24, 1996, 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  However, the statute of limitations period is tolled while a state post-conviction or other collateral review is pending.  *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

The United States Supreme Court has addressed the point at which a judgment becomes "final" for purposes of § 2244(d)(1)(A).  In *Gonzalez v. Thaler,* the Supreme Court held that, for petitioners who pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the [Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  For all other petitioners, the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires." *Id.*  Here, for purposes of § 2244(d)(1)(A), Washington's conviction became final on October 7, 2019, which was the date the United States Supreme Court denied his petition for certiorari.

"The statute of limitations is tolled while a state post-conviction or other collateral review is pending." *King*, 666 F.3d at 1135 (citing § 2244(d)(2)).  A post-conviction application is considered pending until the state court issues its mandate or denies review, even if a petitioner files a petition for certiorari in the Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("The application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari.").

After the United States Supreme Court denied certiorari, the limitations period was not tolled until October 6, 2020—the date Washington filed his state motion for postconviction relief.  The remaining day in the limitations period was tolled for the entire

period Harden's post-conviction action was pending in Nebraska's state courts, *i.e.*, from October 6, 2020, to June 16, 2025, the date the Nebraska Court of Appeals issued its mandate. Thus, Washington had until June 17, 2025, to file his habeas corpus petition in this Court. Though Washington's petition was filed by the Clerk's Office on June 20, 2025, Washington included a declaration that his Petition was placed in the prison mailing system on June 11, 2025, Filing No. 1 at 34, and the postage return on his petition shows he mailed it on June 13, 2025, Filing No. 1 at 35. *For the purposes of initial review only*, the Court will consider the Petition timely for purposes of 28 U.S.C. § 2244(d)(1).

## B. Cognizable Claims

Because Washington's Petition appears timely, the Court must determine whether Washington's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Washington's claims are:

Claim One:    Washington received ineffective assistance of counsel because trial counsel failed to object to jury instruction nos. 5 and 7.

Claim Two:    Washington received ineffective assistance of counsel because trial counsel failed to object to jury instruction no. 10.

Claim Three: Washington received ineffective assistance of counsel because trial counsel failed to investigate two shooting victims, nor did he call the victims to testify at trial.

Claim Four:   Washington received ineffective assistance of counsel because trial counsel failed to present evidence of a witness's exculpatory statement made at the scene of the shootings.

Claim Five:     Washington received ineffective assistance of counsel because trial counsel failed to investigate or present to the jury exculpatory DNA evidence.

Claim Six:     Washington received ineffective assistance of counsel because appellate counsel failed to raise Claims One through Five on direct appeal.

Claim Seven:Washington received ineffective assistance of counsel because appellate counsel failed to request a stay of the Nebraska Supreme Court's mandate on direct appeal while Washington petitioned for certiorari to the United States Supreme Court.

Claim Eight:     Washington received ineffective assistance of counsel because trial and appellate counsel failed to object to jury instructions nos. 5, 7, and 10.

The Court determines that these claims, when liberally construed, are potentially cognizable in federal court.    However, **the Court cautions Washington that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Washington from obtaining the relief sought.**

IT IS THEREFORE ORDERED that:

1.     By **August 3, 2026**, Respondent must file a motion for summary judgment or state court records in support of an answer.  The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text **August 3, 2026**:

6

deadline for Respondent to file state court records in support of answer or motion for summary judgment.

2.      If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A.      The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B.      The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

7

E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.    If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.

3.    If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.    By **August 3, 2026**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B.    No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial

8

review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts.*

C.    Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.    No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E.    No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the Court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F.      The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: **September 3, 2026**: check for Respondent's answer and separate brief.

4.      No discovery shall be undertaken without leave of the Court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District* Courts.

5.      Petitioner's Motion for Status, Filing No. 6, is granted, consistent with this Memorandum and Order.


Dated this 18th day of June, 2026.

                                        BY THE COURT:

                                        Joseph F. Bataillon
                                        Senior United States District Judge